UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>CHARLES E. GENTILE AND DEBRA A. GENTILE<br><br>          Debtors | Chapter 7<br>Case No. 11-44587-MSH |

## MEMORANDUM OF DECISION AND ORDER ON OBJECTION TO DEBTORS' CLAIM OF EXEMPTION

Before me is an objection by 62-64 Pontiac Street, LLC and Parker Hill Avenue, LLC, two creditors of the debtors, Charles and Debra Gentile, to the debtors' claimed exemption of their residence at 74 Wayside Inn Road, Marlborough, Massachusetts.

The relevant facts in this case, drawn from the pleadings and accompanying exhibits, are not in material dispute. On August 9, 2011, a deed was recorded at the Middlesex County South District Registry of Deeds by which Charles Gentile conveyed the Marlborough property to Debra Gentile for $1.00.[1] On September 16, 2011, a deed was recorded by which Ms. Gentile conveyed the property to herself and Mr. Gentile as tenants by the entirety. Both debtors signed and recorded a declaration of homestead, under MASS. GEN. LAWS ch. 188 § 3, concurrently with the September 2011 transfer. The debtors commenced this case on October 31, 2011. Schedule C (property claimed as exempt) accompanying their bankruptcy petition claims an exemption in the amount of $195,667 in the Marlborough property.

Section 522(b) of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) permits debtors to elect to exempt property of the estate in accordance with either state or federal law provided that

---

[1] The case record reflects disagreement among the parties over who owned the property prior to Mr. Gentile's acquiring it, but a resolution of that dispute is not required in order to rule on the creditors' objection.

spouses who file jointly must make the same election.[2] The Gentiles chose the Massachusetts exemptions, including the Massachusetts homestead exemption, with respect to the Marlborough property.

The Massachusetts homestead statute permits individuals who own and occupy or intend to occupy real property as their residence to place their equity in the residence, up to a maximum of $500,000,[3] beyond the reach of creditors. MASS. GEN. LAWS ch. 188, § 3. A claimed homestead exemption is presumed valid unless it is objected to by a party in interest. Bankruptcy Code § 522(l). The objecting party has the burden of establishing that the claimed homestead exemption is invalid. Fed. R. Bank. Pro. 4003(c); *see also In re Gordon*, 11-44524, 2012 WL 3733553 (Bankr. D. Mass. Aug. 28, 2012). The Massachusetts homestead law is intended to protect a declarant's residence from the claims of creditors. *Dwyer v. Cempellin*, 424 Mass. 26, 30, 673 N.E.2d 863, 866 (1996). "[I]n light of the public policy and the purpose of the statute, the State homestead exemption should be construed liberally in favor of the debtors." *Id.*

The creditors appear to raise three arguments in support of their objection to the Gentiles' homestead exemption. First, they assert that if the homestead exemption is held to be valid, it should be limited to the $146,450 cap established by Bankruptcy Code § 522(p)(1).[4] Second, the creditors suggest that the homestead exemption should be denied altogether because the Gentiles

---

[2] Bankruptcy Code §522(b)(2) permits a state to "opt out" of the federal exemption scheme, thereby requiring their residents to exempt property of the estate under state law only. Massachusetts is not an opt-out state.

[3] Elderly or disabled homeowners are each entitled to a maximum $500,000 exemption and thus, for example, elderly spouses holding property as tenants by the entirety would qualify for a maximum $1,000,000 exemption. MASS. GEN. LAWS ch. 188, §1-2.

[4] Creditors' memoranda reference a limit of $125,000, but that amount has increased to $146,450. Pursuant to Bankruptcy Code § 104(a), the amount of the cap established by Bankruptcy Code § 522(p) is adjusted at three year intervals.

incurred debts to the creditors that are allegedly not dischargeable under Bankruptcy Code §523(a)(6).[5] Third, they argue that their objection to the homestead exemption should be sustained because the August 2011 transfer of the Marlborough property by Mr. Gentile to Ms. Gentile was a fraudulent transfer under Bankruptcy Code § 548 and thus the Gentiles are not entitled to a discharge under Bankruptcy Code § 727(a)(2)(A).

The creditors' second and third arguments fail to provide a valid basis for objecting to a claimed homestead exemption. Bankruptcy Code § 523(a)(6) prevents the dischargeability of a debt for willful or malicious injury to another. Even if the transfer from Mr. Gentile to Ms. Gentile could be grounds for holding non-dischargeable the debts owed to the creditors in this case, a finding I do not make at this time, a determination of non-dischargeability does not preclude a debtor from claiming a homestead exemption to protect a principal residence from creditors. *Stornawaye Financial Corp. v. Hill (In re Hill)*, 387 B.R. 339 (B.A.P. 1st Cir. 2008) *aff'd*, 562 F.3d 29, 35 (1st Cir. 2009). *See also In re Levasseur*, 07-18259, 2012 WL 5341764, at *14 (Bankr. D. Mass. Oct. 29, 2012) ("[T]he Bankruptcy Code in general, and § 522 in particular, do not permit denial of an exemption on the basis of conduct that would except a debt from discharge under § 523(a)(2), (4), or (6). Congress has created limited exceptions from the ability to claim an asset as exempt. See 11 U.S.C. § 522(o), (p), and (q). The causes for denying

---

[5] Both creditors have commenced virtually identical adversary proceedings against the debtors in which they seek a declaration that their debts are nondischargeable under Bankruptcy Code § 523(a)(2) and § 523(a)(6), and that the debtors are not entitled to receive a discharge of any of their debts under Bankruptcy Code § 727(a)(2)(A), at least according to the introductory paragraphs of the complaints. The complaints refer to "§ 727(a)" but the memoranda filed in the main case cite to Bankruptcy Code § 727(a)(2)(A). The complaints, however, only set forth two counts, namely those under Bankruptcy Code § 523(a)(2) and § 523(a)(6), and only with respect to Mr. Gentile. The prayers for relief request nondischargeability judgments against both debtors, but do not request relief under Bankruptcy Code § 727(a)(2)(A).

or limiting an exemption are therefore limited, and unless one of the expressly articulated exceptions applies, a claim of exemption should not be disallowed.").

The creditors also invoke Bankruptcy Code § 727(a)(2)(A), which calls for the denial of discharge if a debtor engages in the transfer of property within one year of filing a petition in bankruptcy with intent to hinder, delay, or defraud creditors, as another basis for sustaining their exemption objection. Standing alone, this argument provides no more persuasive a basis for denying the Gentiles' right to a homestead exemption than does the creditors' argument under Bankruptcy Code § 523(a)(6). *Hill*, 562 F.3d at 33.

While by no means clearly articulated, the creditors' § 727 argument hints at the intention to invoke Bankruptcy Code § 522(g) as a basis for denying the debtors' exemption claim. The creditors allege that the August 2011 transfer of the property from Mr. Gentile to his wife was fraudulent. They suggest that under Bankruptcy Code § 548(a)(1), the Gentiles' chapter 7 trustee could seek to avoid the transfer because it was made within two years of the bankruptcy filing. If the transfer was successfully avoided by the trustee, it would follow, the creditors imply, that Bankruptcy Code § 522(g) would prohibit the debtors from exempting the property because the allegedly fraudulent transfer was voluntary.[6] Even if the creditors had done a better job of making this argument, it nevertheless would have been unavailing for an obvious reason. The

---

[6] The creditors do not reference Bankruptcy Code § 522(g) specifically, but they appear to invoke the provision by implication. Bankruptcy Code § 522(g) states:

> "Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor…"

4

Marlborough property has *not* been recovered by the trustee, a prerequisite to the application of Bankruptcy Code § 522(g).

The creditors' sole argument offering a potentially valid basis for objecting to the amount of the Gentiles' claimed homestead exemption is under Bankruptcy Code § 522(p). The creditors rely on Bankruptcy Code § 522(p)(1) for the proposition that if the homestead exemption is allowed, it should be capped at the statutory limit of $146,450. The cap established by Bankruptcy Code § 522(p)(1) is triggered when a debtor acquires an interest in property within 1215 days of the filing of a petition in bankruptcy. In this case, it is undisputed that Mr. Gentile conveyed the Marlborough property to his wife and then his wife deeded the property back to both of them as tenants by the entirety, all within a few months of their filing a petition in bankruptcy. Despite the fact that the debtors occupied the Marlborough property for the entirety of the period in question, a transfer between spouses is sufficient to trigger application of Bankruptcy Code § 522(p)(1).[7] *In re Leung*, 356 B.R. 317, 322 (Bankr. D. Mass. 2006). ("In this case, the Debtor acquired his present interest in the Property when his wife transferred her sole interest to the couple… To the extent that 'acquired by the debtor' requires an affirmative action, I find that the Debtor acquired an interest because he accepted delivery of the deed and then made the affirmative step to declare a homestead." *Id*.) Because of the dual nature of the

---

[7] The legislative history of § 522(p) makes clear that it was intended to plug the "mansion loophole" whereby an individual owning a high-priced residence in a low-dollar homestead state could sell that home and reinvest the proceeds in a high-priced residence in a state with unlimited homestead protection like Florida or Texas, then file bankruptcy and exempt from creditors the entire homestead. *In re Rasmussen*, 349 B.R. 747, 752 (Bankr. M.D. Fla. 2006) *citing In re Kane*, 336 B.R. 477, 481–482 (Bankr. D. Nev. 2006). Despite identifying in vivid detail the ailment it sought to remedy, the nostrum ultimately concocted by Congress, § 522(p), covers a far wider spectrum of maladies, including interspousal transfers of ownership interests in a continually occupied residence such as the ones at issue here. Essentially, in its current form § 522(p) is a cure looking for a disease. Unfortunately, the disconnect between Congress' motivations and a statute's text cannot justify my ignoring that text. The responsibility for harmonizing a statute with its intended purpose must be left to our elected legislators.

5

transfers, both debtors acquired an interest in the property within 1215 days of filing bankruptcy. Thus both debtors are subject to the § 522(p)(1) cap.

Bankruptcy Code § 522(m) directs that Bankruptcy Code § 522(p) should be applied separately to joint debtors. "[S]ection 522(m)'s reference to 'this section' makes clear that section 522(m) applies to new section 522(p), the provision limiting the homestead exemption. Thus, under section 522(m), section 522(p) 'shall apply separately with respect to each debtor in a joint case.'" *In re Rasmussen*, 349 B.R. at 755. Joint debtors may double or "stack" the cap. *Id*. at 754.

Thus even though I find that the pre-petition transfers between the Gentiles caused their Massachusetts homestead exemption to be subject to the Bankruptcy Code § 522(p) cap, that cap may be "stacked" by the Gentiles under Bankruptcy Code § 522(m), allowing a total capped exemption of $292,900. Since this amount exceeds the $195,667.00 claimed on schedule C, I find that the debtors have properly exempted the Marlborough property and the creditors' objection is OVERRULED.

At Worcester, Massachusetts this 28th day of November, 2012.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Jarrod Hochman
                     Revere, Massachusetts
                     for the Creditors

                     Amber Kovach
                     Methuen, Massachusetts
                     for the Debtors